Not for Publication

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **Criminal Action No.: 23-0057 (ES)** |
| v. | **OPINION** |
| **LESLIE LALLANDE,** | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

In a two-count indictment, Defendant Leslie Lallande was charged with participating in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and with aggravated identity theft in violation of 18 U.S.C. § 1028A. (D.E. No. 24 ("Indictment")). Mr. Lallande moves to dismiss the Indictment for lack of personal jurisdiction and improper venue, or, in the alternative to transfer the case to the Southern District of Florida. (D.E. No. 30 ("Mov. Br.")). The motion is fully briefed. (D.E. No. 32 ("Opp. Br."); D.E. No. 33 ("Reply")). The Court has considered the parties' submissions and decides this matter without oral argument. *See* L. Civ. R. 78.1(b); L. Crim. R. 1.1. For the following reasons, Mr. Lallande's motion is **DENIED.**

**I.      BACKGROUND**

    **A.      Factual Background**

This matter arises out of an ongoing global investigation by the United States of America (the "Government") into internet-enabled fraud scams which primarily target elderly individuals in the United States. (Opp. Br. at 1–2). On January 23, 2023, a federal grand jury sitting in Newark, New Jersey returned a two-count indictment against Mr. Lallande in connection with this

1

scheme. (*See* Indictment). Count One of the Indictment alleges that "[i]t was the goal of the conspiracy for the Money Laundering Co-Conspirators to send money obtained by fraud to U.S.-based bank accounts controlled by Lallande and others, and for Lallande and others to conceal the illegal nature of the proceeds." (*Id.* at Count One ¶ 3). Specifically, the Indictment alleges the following: that Mr. Lallande opened business bank accounts "to conceal money deposited into these bank accounts from wire fraud victims;" that a co-conspirator "sent Lallande an email with the subject 'Deposits' and listed several different business bank accounts with addresses in New Jersey;" that "a bank account in the name of The Auto Balance, Inc.[1] obtained a cashier's check in the approximate amount of $19,000 made payable to" a business with a New Jersey address; that Mr. Lallande used the wire fraud funds to purchase vehicles and sent them to Ghana; that a co-conspirator directed Mr. Lallande to travel to New Jersey to speak with a sales associate in connection with the purchase of a vehicle; and that "Lallande presented at least one bank with a false letter purportedly signed by an Internet-enabled fraud victim to avoid detection that the funds were illegally obtained." (*Id*. at Count One ¶ 4(g)). The Indictment also indicates that wires transferred as part of this scheme that were processed through the Fedwire Funds Service "were processed in a way that caused an electronic communication to travel through a Federal Reserve facility in New Jersey." (*Id*. at Count One ¶ 1(d)). Count Two incorporates the allegations in Count One, and additionally alleges that Mr. Lallande used the name and purported signature of one of the wire fraud victims during and in relation to the wire fraud conspiracy. (*Id*. at Count Two ¶ 2).

---

[1] Mr. Lallande is alleged to have opened business bank accounts in the name of The Auto Balance, Inc. (*Id.* at Count One ¶ 4).

### B. Procedural History

On August 8, 2022, Mr. Lallande was arrested at his residence in Pompano Beach, Florida. (Mov. Br. at 1). On January 23, 2023, Mr. Lallande was indicted by a grand jury sitting in Newark, New Jersey. (*See* Indictment). On March 15, 2023, Mr. Lallande moved to dismiss the Indictment on the bases that (i) this Court, sitting in the District of New Jersey, lacks personal jurisdiction over him and (ii) New Jersey is an improper venue to try this case. (*See generally* Mov. Br.). In the alternative, Mr. Lallande argues that this case should be transferred to the Southern District of Florida pursuant to Federal Rule of Criminal Procedure ("Rule") 21(b). (*Id.*).

## II. MOTION TO DISMISS

### A. Legal Standard

In considering a motion to dismiss an indictment, a district court's review is limited. A court must accept all the factual allegations in the indictment as true. *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (quoting *United States v. Besmajian*, 910 F.2d 1153, 1155 (3d Cir. 1990)). A motion to dismiss is "not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000). Likewise, "a challenge to the sufficiency of the indictment should be decided based on the facts alleged within the four corners of the indictment, not the evidence outside of it." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007), *as amended* (Aug. 10, 2007).

### B. Discussion

***Personal Jurisdiction.*** In his moving brief, Mr. Lallande argues that pursuant to the protections of the U.S. Constitution as well as Rule 18, the Court lacks personal jurisdiction over him because criminal offenses must be tried in the place they have been committed, and all of his alleged criminal offenses were committed in Florida. (Mov. Br. at 2–3 (citing U.S. Const. Art. III

§ 2, cl.3.; U.S. Const. Amend. VI; Fed. R. Crim. P. 18)). In making this argument, Mr. Lallande conflates personal jurisdiction with venue.² *See United States v. Auernheimer*, 748 F.3d 525, 532 (3d. Cir. 2014) (citing Article III and the Sixth Amendment to the U.S. Constitution, as well as Rule 18, as providing the bases for constitutional venue). As such, the Court will consider this argument as it relates to venue only.

As the Government argues, "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." *United States v. Barry*, No. 21-3372, 2022 WL 16646692, at *2 (3d Cir. Nov. 3, 2022) (quotations and citations omitted). Thus, "a federal court obtains personal jurisdiction over an indicted defendant once the defendant is brought before the court." *United States v. Hurley*, 543 F. App'x. 249, 252 (3d Cir. 2013) (citing *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003)). Here, Mr. Lallande was indicted on two federal offenses—for a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and aggravated identity theft in violation of 18 U.S.C. § 1028A. (Indictment). And he has appeared before this Court on those charges—including at his arraignment. (D.E. No. 25). Accordingly, the Court has subject matter and personal jurisdiction over the action. *See Hurley*, 543 F. App'x at 252 ("[B]ecause [the defendant] was indicted on federal criminal charges and brought before the Court that tried him, the District Court had both subject matter and personal jurisdiction.").

***Improper Venue.*** Mr. Lallande next argues that venue is improper in the District of New Jersey because the alleged offenses have too tenuous a connection to New Jersey. (Mov. Br. at 3–4; Reply at 4–5 & 7). Specifically, Mr. Lallande argues that crimes must be tried in the places

---

² Mr. Lallande appears to acknowledge that his arguments regarding the sufficiency of the alleged connection between the offenses and New Jersey are relevant to the venue inquiry rather than personal jurisdiction. In his reply, Defendant reiterates these arguments to support his contention that venue is improper and does not refer to the Court's personal jurisdiction. (*See* Reply at 4–5).

where they were committed, and "[t]he overwhelming majority of events giving rise to the allegations in the Indictment occurred within the State of Florida." (Reply at 1). According to Mr. Lallande, "[a] chance routing through a server in New Jersey is insufficient to support" venue in this District. (*Id*. at 5). The Government counters that to survive a motion to dismiss for improper venue, an indictment must only allege venue "without a facially obvious defect." (Opp. Br. at 7 (citing *United States v. Menendez*, 137 F. Supp. 3d 688, 694 (D.N.J. 2015))). The Government points to its allegations that the illegal conduct "occurred in the District of New Jersey and elsewhere" as sufficient to allege venue in this District. (*Id*.). Specifically, the Government points to the following allegations to support venue in this District: a co-conspirator emailed Mr. Lallande regarding deposits into New Jersey bank accounts and directed Mr. Lallande to contact someone in New Jersey in furtherance of the scheme, and at least one of the victims is alleged to have directed money to a fellow co-conspirator in New Jersey. (*Id.* at 8–9). For the following reasons, the Court agrees with the Government that venue has been properly alleged in the Indictment, and the case may proceed in this District at this time.

To start, the Indictment has facially alleged that New Jersey is the proper venue. As to both Counts One and Two, the Indictment alleges that Mr. Lallande acted "in the District of New Jersey, and elsewhere." (Indictment at Count One ¶ 2 & Count Two ¶ 2). This is sufficient to allege venue at this stage in the litigation. *Menendez*, 137 F. Supp. 3d at 694 (collecting cases and explaining that language that the crime was committed "in New Jersey and elsewhere" is sufficient to allege venue for purposes of surviving a motion to dismiss the indictment).

Additionally, the Indictment specifically alleges that wires transferred as part of the conspiracy traveled through a Federal Reserve Bank in New Jersey. (Indictment at Count One ¶ 1(d)). Mr. Lallande argues that the wires passed through New Jersey by "chance" and that this

cannot serve as the basis for proper venue because it was out of his control. (Reply at 5). However, the Third Circuit has found otherwise. In *United States v. Goldberg*, the Third Circuit found that venue was proper in the Eastern District of Pennsylvania because the wire transfer of funds from New York to Wilmington passed through the Federal Reserve Bank in Philadelphia. 830 F.2d 459, 465 (3d Cir. 1987); *see also Kluger v. United States*, No. 14-6236, 2018 WL 4145902, at *5 (D.N.J. Aug. 30, 2018) (finding that venue was proper where a trade was initiated in New York but executed by computer servers in New Jersey, in part because the trade could not have occurred "without the computer servers in New Jersey, just as the wire transfer could not have been completed in *Goldberg* without the Federal Reserve Bank in Philadelphia"). Accordingly, the Court finds that the allegations of the Indictment that wires used in furtherance of the conspiracy passed through the Federal Reserve Bank in New Jersey form a proper basis for venue in this District.[3]

The Indictment also includes additional allegations that support venue in New Jersey. The Indictment alleges that Mr. Lallande's co-conspirator sent him an email with the subject "Deposits" that listed bank accounts for businesses with New Jersey addresses and directed Mr.

---

[3] Mr. Lallande relies on *Auernheimer* for the proposition that "venue requires more than some activity in the situs district" and that "there must be substantial contacts and there must be some sense of the venue 'having been freely chosen by the defendant.'" (Reply at 5 (quoting *Auernheimer*, 748 F. 3d at 525)). However, the Court does not find Mr. Lallande's reliance on *Auernheimer* availing. In that case, the district court had found that venue was proper in New Jersey, "[d]espite the absence of any apparent connection to New Jersey" based on the fact that the alleged victims were affected in New Jersey. *Auernheimer*, 748 F. 3d at 531. Applying the essential conducts test, the Third Circuit reversed the district court's decision because none of the conduct elements of the crimes alleged occurred in New Jersey. In making this determination, the Third Circuit considered an alternative test—which Mr. Lallande seems to rely on here—the substantial contacts test, but did not fully endorse it. *Id*. at 537 ("Even assuming that the substantial contacts test is viable within our Circuit, it cannot serve as a sufficient basis for conferring venue."). Notably, the Third Circuit specifically distinguished *Auernheimer* from its earlier decision in *Goldberg*, because in *Goldberg*, "all of [the defendant's] acts took place in the district in which he was tried," *id*. at 536—including the defendant's act of transferring funds from New York to Wilmington, because the funds passed through the Federal Reserve Bank in Philadelphia. *See Goldberg*, 830 F. 2d at 465 ("[I]t is clear from the record . . . that the wire transfer of funds from New York to Wilmington . . . passed through the Federal Reserve Bank in Philadelphia. Consequently, there is no doubt under § 3237 that venue was proper . . . ."). Here, too, one purported basis for venue in New Jersey is that wires sent in furtherance of the conspiracy passed through a Federal Reserve Bank in New Jersey. Accordingly, the Court finds this case more comparable to *Goldberg* than *Auernheimer*.

6

Lallande to travel to and speak with a sales representative for a business located in New Jersey, all in furtherance of the conspiracy. (Indictment at Count One ¶¶ 4(d)(i) & (e)(i)). Additionally, the Indictment alleges that a bank account associated with a business owned by Mr. Lallande obtained a cashier's check made payable to a New Jersey business, and that this money transfer was made in furtherance of the conspiracy. (*Id.* at Count One ¶ 4(d)(ii)). Mr. Lallande does not challenge these allegations except to say that the Indictment does not allege that Mr. Lallande actually traveled to or conducted business in New Jersey. (Mov. Br. at 3, n.1). The Court must accept the allegations of the Indictment as true and does not concern itself with the sufficiency of the Government's evidence at this stage of the proceedings. *Bergrin*, 650 F.3d at 265; *DeLaurentis*, 230 F.3d at 660. The Court thus accepts that a co-conspirator at least directed Mr. Lallande to travel to New Jersey. This fact, together with the other allegations connecting the alleged offenses to New Jersey, are more than sufficient to establish that venue is properly alleged in New Jersey. Nonetheless, it is the Government's burden to prove venue as to each count by a preponderance of the evidence at trial, and Mr. Lallande may raise the issue of the sufficiency of the Government's proof that New Jersey is a proper venue at that time. *See Auernheimer*, 748 F.3d at 525; *see also United States v. Perez*, 280 F. 3d 318, 327–29 (3d Cir. 2002).

Accordingly, Mr. Lallande's motion to dismiss for lack of personal jurisdiction and improper venue is **DENIED**.

### III. MOTION TO TRANSFER

#### A. Legal Standard

Rule 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Cr. P. 21(b).

The decision to transfer is discretionary with the court. *In re U.S.*, 273 F. 3d 380, 387 (3d Cir. 2001). Courts consider ten factors in deciding whether to transfer a case, including the (i) location of the defendant; (ii) location of the witnesses; (iii) location of events; (iv) location of documents and records; (v) disruption of the defendant's business; (vi) expense to the parties; (vii) location of counsel; (viii) relative accessibility of the place of trial; (ix) docket condition of the districts; and (x) any other special consideration (the "*Platt* factors"). *Platt v. Minnesota Mining & Mfg.Co.*, 376 U.S. 240, 243–44 (1964); *In re U.S.*, 273 F. 3d at 387 (adopting the *Platt* factors). In assessing these factors, "[i]t is not necessary that the transfer order be accompanied by a lengthy statement . . . describing the court's reasons for transferring a case—as long as there is a sufficient explanation of the factors considered, the weight accorded them, and the balancing performed." *In re U.S.*, 273 F. 3d at 387. The burden is on the defendant to demonstrate that a transfer is appropriate, though "the defendant is not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district." *Id*. (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)) (alterations in original).

   B.   **Discussion**

Mr. Lallande argues that the Court should use its discretion to transfer this case to the Southern District of Florida pursuant Rule 21(b). (Mov. Br. at 3–4; Reply at 6–7). Specifically, Mr. Lallande argues that (i) venue is improper in New Jersey, (ii) "[t]he Government's sole reason for instituting charges in New Jersey are a chance routing through a New Jersey Federal Reserve and its own preference for having its New Jersey Cybercrimes unit run the case," and (iii) the factors favor a transfer. (Mov. Br. at 4). In opposition, the Government argues that the "balancing test clearly tips in favor of maintaining venue in this District, and Lallande has failed to meet his

burden of proving otherwise." (Opp. Br. at 12). The burden is on Mr. Lallande to show that transfer is warranted. *See In re U.S.*, 273 F. 3d at 389 ("The burden of proof is often the determinative factor in a discretionary decision, particularly in one where the factors may be closely balanced."). Though it is close, the Court finds that Mr. Lallande has not met his burden to prove that the *Platt* factors weigh in favor of a transfer. The Court will consider each factor in turn.

***Location of Defendant.*** Mr. Lallande is located in Florida. (Mov. Br. at 4). The Court acknowledges that "[i]t is important not to overlook the Supreme Court's statement in *Platt* that a defendant is not entitled to defend his case in his or her home district." *In re U.S.*, 273 F.3d at 388 (citing *Platt*, 376 U.S. at 245–46). Nonetheless, this warning in *Platt* must be balanced with *Platt*'s inclusion of a defendant's location as a relevant factor in assessing transfer. *See Platt*, 376 U.S. at 245–46. The Court finds that this factor weighs in favor of transfer.

***Location of Witnesses.*** The parties dispute the location of likely witnesses. In his moving brief, Mr. Lallande makes the conclusory statement that "all relevant witnesses . . . are also located in Florida." (Mov. Br. at 4). As the Government argues, "Lallande's summary allegation is insufficient to meet his burden" of providing specific examples of witnesses who would be inconvenienced by a trial in New Jersey. (Opp. Br. at 14–15 (citing *United States v. Negron*, No. 08-501, 2008 WL 5272056, at *3 (D.N.J. Dec. 16, 2008); *United States v. Blakstad*, No. 19-486, 2020 WL 5992347, at *4 (S.D.N.Y. Oct. 9, 2020); and *United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 456 (S.D.N.Y. 1997))). The Government further argues that the witnesses will likely include alleged victims who "reside all across the United States" and law enforcement officers who likewise reside across the United States, including in New Jersey and Florida. (*Id.* at 12–13). According to the Government, "many of these same potential witnesses against Lallande would

9

also be witnesses against Lallande's co[-]conspirators who are . . . now charged on complaint in this District" and it would inconvenience these witnesses to require them to travel to multiple districts. (*Id*. at 13–14). In his reply, Mr. Lallande provides a list of twelve witnesses or categories of witnesses who he alleges are "material witnesses to the Government's accusations" and are located in Florida. (Reply at 2).[4]

It is clear from the parties' briefing that regardless of where the trial is located, many witnesses will need to travel in order to provide testimony. And the Court is not convinced by the Government's argument that it will inconvenience these witnesses to travel to both New Jersey for the trials of Mr. Lallande's co-conspirators and to Florida for his trial, particularly given that his case is not consolidated with the cases against his co-conspirators at this time. Nevertheless, the Court finds that Mr. Lallande has not met his burden of demonstrating that the location of witnesses favors a transfer in this case. Though he has identified possible witnesses who are located in Florida—primarily by category rather than by name—he does not provide the likely testimony of the witnesses nor explain whether he intends to call those witnesses. Rather, he speculates that the witnesses are "material . . . to the Government's accusations." (*Id*.). While the concern for the inconvenience of the Government's witnesses "may be sincere . . . it is less urgent when the Government, not Defendant[], will be responsible for securing and facilitating these witnesses' trial appearances." *United States v. Menendez*, 109 F. Supp. 3d 720, 728 (D.N.J. 2015). Overall, though some witnesses may have to travel from Florida to New Jersey, Mr. Lallande has not demonstrated that a majority of *his* witnesses will have to do so, that the burden of travelling between these states is substantial, or that his trial presentation will be frustrated unless the case is

---

[4] These include Mr. Lallande, his former business partner, and his spouse (categories 1–3); representatives from the organizations allegedly used as part of the scheme (categories 4–11); and "unidentified victims in Florida" (category 12). (*Id*.).

transferred. Further, the Court finds it noteworthy that one of the alleged victims resides in New Jersey. (Opp. Br. at 13). Though the Government has provided that "currently the New Jersey victim has expressed that she does not want to participate in the case because she does not believe she will get the money that Lallande and others stole from her returned" (*id*. at 13 n.4), she may or may not ultimately choose to testify. Accordingly, the Court finds that Mr. Lallande has not shown that this factor favors transfer. *See id*. (holding that "[b]ecause the defendants fail to indicate that any witnesses who may be called by the Government or by them will be inconvenienced or that any such inconvenience will affect [the d]efendants' case, and given the ease of travel between Washington and Newark . . . the number of witnesses in Washington does not warrant transfer").

**Location of Events.** The parties also dispute the location of events at issue. Mr. Lallande argues that all of the alleged offensive acts occurred in Florida, including that all of his businesses alleged to have been used in the offenses are incorporated in Florida, that all of the bank accounts alleged to have been used are in Florida, and that he is alleged to have purchased vehicles and arranged for their transportation to Ghana from Florida. (Reply at 1–2). According to Mr. Lallande, "[n]one of the key elements of the alleged criminal conduct took place in New Jersey." (*Id*. at 2). The Government contends that "the conduct occurred primarily through the Internet, which caused voluminous wire transfers across the globe," and that Mr. Lallande's co-conspirators and victims are located throughout the United States, including in New Jersey. (Opp. Br. at 15).

This factor is primarily targeted at ensuring that a case is tried "near where the allegedly criminal activity occurred, rather than in a district where venue has a more remote connection to the crime." *United States v. Coffee*, 113 F. Supp.2d 751, 755–56 (E.D. Pa. 2000). Though Mr. Lallande contends that all of his actions alleged in the Indictment were taken in Florida, the Court

finds it relevant that his co-conspirators are alleged to have acted in New Jersey. The conspiracy Mr. Lallande is alleged to have been a part of spanned multiple states and even countries, and he is alleged to have taken some actions directly in or effecting New Jersey. The Court is not convinced that because Mr. Lallande was alleged to have been physically present in Florida while directing payments constituting wire fraud to other states this factor necessitates transferring the case to Florida. At best, the fact that Mr. Lallande was allegedly physically present in Florida weighs in favor of transfer. *See id*. But this weight is subdued by the acts Mr. Lallande is alleged to have taken in New Jersey, by his co-conspirators' acts in New Jersey, and by the fact that he is alleged to have participated in a global scheme. *See United States v. Bloom*, 78 F.R.D. 591, 609 (E.D. Pa. 1977) ("In a scattered conspiracy such as this, no one forum would accommodate the entire case . . . The Court finds that the constitutional propriety of venue satisfies this factor.") (citation omitted). The Court finds that this factor only slightly favors transfer.

***Location of documents and records.*** The parties dispute the location of documents and records. According to the Government, all of the documents and records in this case were collected in, are being held in, and have been and will be produced from, New Jersey. (Opp. Br. at 15). The Government reiterates that "this is not a stand-alone case," and argues that if the Court were to transfer this case, it "would be duplicating efforts and productions across Districts as the cases progress, which could also run the risk of the evidence collected by this Office being subjected to multiple, potentially inconsistent judicial rulings." (*Id*. at 16). Mr. Lallande argues that the documents can, and have been, shared electronically, so this factor does not favor keeping the case in New Jersey. (Reply at 3 & 6–7). The Court agrees that in the modern age, the location of the documents and records, which have already been shared electronically, is neutral on the issue of transfer. And, as with the location of witnesses, the Court is not convinced that the Government

will be heavily burdened from having to duplicate productions to Florida, considering the Government is already duplicating productions in multiple cases in New Jersey. Accordingly, the Court finds that this factor neither favors nor disfavors transfer.

*Potential disruption of Defendant's business.* The parties do not provide arguments regarding this factor. However, the Court notes that any trial is likely to cause disruption to Mr. Lallande's businesses. Mr. Lallande has provided no arguments as to how a trial in New Jersey is likely to cause more disruption than a trial in Florida. At this juncture, the parties have provided no indication as to how long trial is expected to last or how often Mr. Lallande would need to be in New Jersey. Accordingly, the Court finds that Mr. Lallande has not demonstrated that this factor favors transfer.

*Expense to the parties.* The Government and Mr. Lallande each argue that trial will be unduly expensive with or without a transfer, respectively. (*See* Opp. Br. at 16 (noting that if the case were transferred the Government "would be duplicating efforts and productions across Districts as the cases progress"); Reply at 6–7 ("[T]he expense for Defendant, counsel, and any witnesses to travel to New Jersey render jurisdiction in New Jersey particularly expensive, inaccessible, and burdensome for Defendant.")). Neither party makes particularized arguments regarding the costs of trying this case in New Jersey or Florida. Accordingly, the Court finds that this factor neither favors nor disfavors transfer.

*Location of counsel.* The Government argues that this factor favors trying the case in New Jersey. Specifically, the Government argues that its "counsel in New Jersey has investigated and prosecuted several of the co[-]conspirators in this District, and the investigation remains ongoing." (Opp. Br. at 17). Further, the Government points out that Mr. Lallande's counsel are located in New Jersey and Georgia, and "neither defense attorney who has appeared on the defendant's behalf

13

appear to be admitted to practice law in the requested district of transfer." (*Id*. at 17–18). Mr. Lallande does not respond to this argument and makes only the conclusory statement that the expense to counsel of trying this case in New Jersey will be burdensome. (Reply at 6–7). Accordingly, the Court finds that this factor weighs against transfer.

***Relative accessibility of place of trial.*** Neither party provides arguments regarding this factor, though Mr. Lallande makes the conclusory statement that New Jersey is "inaccessible." (Reply at 7). Given that both New Jersey and Florida are easily accessible by airplane, the Court finds that this factor neither favors nor disfavors transfer. *See Bloom*, 78 F.R.D. at 610 (finding that "Philadelphia, served by railroads and major airlines is an accessible location, even for the Florida defendants").

***Docket condition of districts.*** Neither party provides arguments regarding this factor. Accordingly, Mr. Lallande has not met his burden of demonstrating that this factor favors transfer.

***Special considerations.*** The Government argues that there are additional considerations in this case that justify keeping venue in the District of New Jersey. Specifically, the Government argues that multiple co-conspirators have been charged in this District, and that this weighs in favor of keeping Mr. Lallande's case in this District to avoid inconsistent judicial rulings. (Opp. Br. at 16). Though this is compelling, the Court is also mindful of Mr. Lallande's argument that here, he has been charged and indicted separate from his alleged co-conspirators, and that each co-conspirator will have separate trials. (Reply at 3–4). Accordingly, it appears that his case will be tried separately from his co-conspirators—whose cases are all before different judges in this District—and be subject to inconsistent verdicts and rulings. Nonetheless, the Court finds it relevant that Mr. Lallande's case is part of a global conspiracy with ties to New Jersey, that the investigation into the conspiracy has been coordinated from New Jersey, and that all of his co-

conspirators have been charged in New Jersey. *See Bloom*, 78 F.R.D. 591 at 610. Accordingly, the Court finds that this factor weighs against transfer.

Considering all of the *Platt* factors, the Court finds Mr. Lallande has not met his burden of showing that transfer is warranted here. The only two factors that favor transfer—the location of Mr. Lallande and the location of events—are not strong. On the other hand, there are several factors that weigh against transfer. To start, there are no counsel of record tied to Florida. Further, there is at least one alleged victim who resides in New Jersey who may or may not testify. Finally, the special consideration that this case is a part of a broader global scheme being investigated and tried in New Jersey—including that Mr. Lallande's alleged co-conspirators took actions in and have been charged in New Jersey—weighs particularly against transfer. *See Coffee*, 113 F. Supp. at 753–54 (explaining that the court must "strike a balance and decide which factors seem to be of greatest importance in that case") (quoting Wright and Miller, 2 Federal Practice & Procedure § 344 at 275). All of the other factors are neutral on the issue of transfer. In total, the Court finds that, though the factors are close, transfer is not warranted here. *See In re U.S.*, 273 F. 3d at 389.

Accordingly, Mr. Lallande's motion to transfer is **DENIED**.

### IV.      CONCLUSION

In sum, the Court finds that it has personal jurisdiction over Mr. Lallande, given that he has appeared before the Court on federal charges. Additionally, the Court finds that the Indictment provides a sufficient basis for venue in New Jersey, and venue is not improper. Mr. Lallande may raise the issue of the sufficiency of the Government's proof that New Jersey is a proper venue at the appropriate juncture. *See Perez*, 280 F. 3d at 327–29. Finally, the Court finds that the *Platt* factors do not support transferring this case to the Southern District of Florida. Accordingly, Mr.

Lallande's motion to dismiss or transfer this case is **DENIED**.  An appropriate order accompanies this opinion.


**Dated:** August 8, 2023

                                                                                 _____
                                                                                 **Hon. Esther Salas, U.S.D.J.**